## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**HOT TOPIC, INC. AND HOT TOPIC
INC. WELFARE BENEFIT PLAN**

                                                          **PLAINTIFFS**

**v.**                                    **CASE NO.**   1:20-cv-217-LG-RHW

**CARYN SUZANNE MACFADDEN AS**                          **DEFENDANTS**
**THE PARENT AND LEGAL**
**GUARDIAN OF E.M.**

## COMPLAINT

For their Complaint, Plaintiffs, Hot Topic, Inc. ("Hot Topic") and Hot Topic Inc. Welfare Benefit Plan ("Plan" and together with Hot Topic sometimes referred to as "Plaintiffs") allege:

## PARTIES, JURISDICTION AND VENUE

1.      Hot Topic is a corporation operating in California under the laws of California.  The Plan is sponsored and issued by Hot Topic and provides coverage to Plan participants and their beneficiaries in the State of Mississippi.

2.      The Plan is an employee welfare benefit plan as defined under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* sponsored by HOT TOPIC and providing specified health care benefits to its eligible participants.

3.      The Plan has a Hot Topic Inc. Choice Plan Summary Plan Description (the "SPD"). *See* Declaration of Desiree Laurent ("Laurent Decl."), ¶ 4, attached as **Exhibit "A."**  A true and correct copy of the Summary Plan Description from 2019 is attached as Exhibit "1" to the Laurent Decl.

4.      Hot Topic is the Plan Sponsor and Plan Administrator of the Plan. The Plan is administered in all 50 states and has approximately 2900 Plan participants.  *See* Laurent

Decl., ¶¶ 4,5 and 8.

5.      The claims administrator of the Plan is United Healthcare ("United").  United administers the Plan in all 50 states in a uniform manner such that no Plan participant's rights are lesser than any other Plan participant's rights or benefits no matter where the Plan participant is situated.  As such, Plan participants located in the State of Mississippi have the same rights and benefits as Plan participants located in the other 49 states and United administers the benefits in a uniform manner under ERISA to achieve that result. *See* Laurent Decl., ¶¶ 9-10.

6.      Caryn Suzanne MacFadden ("Defendant") and E.M., a minor under Mississippi law, are individual persons and residents of Harrison County, State of Mississippi.

7.      Defendant at all times relevant hereto, was a covered person and participant under the Plan within the meaning of ERISA § 3(7), (8).  Moreover, E.M. is the daughter of Defendant and was also at all time relevant hereto, a covered person and participant under the Plan within the meaning of ERISA § 3(7), (8).

8.      Defendant is also the legal guardian and parent of E.M.  Defendant is the legal guardian pursuant to a "Judgment Appointed Guardian" issued by the Chancery Court of Harrison County, Mississippi, on May 21, 2019.

9.      This is an action under 29 U.S.C. § 1132(a)(3) to enforce the terms of the Plan to obtain reimbursement from a third party settlement for benefits paid by the Plan, to impose an equitable lien by agreement/constructive trust over the proceeds of the third party settlement, and for appropriate equitable relief to enjoin the Defendant and those acting in concert with the Defendant from disbursing funds received from the third party settlement; for full reimbursement from the funds received from the third party settlement pursuant to the terms of the Plan; for the creation of a constructive trust and/or an equitable lien by agreement over the proceeds of the funds received from the third party settlement; and for injunctive relief.

10.     This Court has original and exclusive jurisdiction over Plaintiffs' claims under ERISA § 502(e)(1). 29 U.S.C. § 1132(e)(1).

11.     Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the controversy alleged herein relates to and arises from the Plan, which is administered in this district by Hot Topic.

<u>**GENERAL ALLEGATIONS**</u>

12.     Plaintiffs incorporate and reallege each of the allegations contained in paragraphs 1-11 of this Complaint as though fully set forth herein.

13.     On May 6, 2019, E.M. suffered injuries as a result of a motor vehicle accident (the "Accident").

14.     At the time of the Accident, E.M. was a covered person and beneficiary/dependent under the Plan.

15.     As of the date of this Complaint, the Plan has paid medical expenses of $44,985.17 to or on behalf of E.M. in treatment of her injuries sustained in the Accident.

16.     E.M. accepted Plan benefits under the express condition that she would reimburse the Plan for any benefits paid or disbursed by the Plan if she obtained a recovery from any third party for the injuries she sustained in the Accident.

17.     On information and belief, Defendant made a claim against third parties and presumably the third parties' insurers, for injuries and damages E.M. suffered in the Accident (the "Underlying Action").

18.     The total medical expenses incurred as a result of the Accident were $189,317.57.  The Plan paid medical expenses of $44,985.79 to or on behalf of E.M. in treatment of injuries she sustained in the Accident.

19.     On information and belief, the Underlying Action has been settled by Defendant on behalf of E.M. (the "Third Party Settlement").

20.     The Plan provides for payment of a covered person's medical expenses but grants the Plan a right to subrogation and a right to reimbursement where a third party may

be legally responsible for the payment of medical expenses or other benefits related to a covered person's illness or injury.

21.     As the claims administrator for the Plan, United is charged with administering the terms of the Plan uniformly in accordance with the requirements of ERISA and regardless of where the Plan participants are situated consistent with ERISA's requirement that ERISA qualified plans be administered uniformly across state lines.

22.     The Subrogation and Reimbursement rights of the Plan are found in Section 11 beginning on page 83 and ending on page 86 of Exhibit "1" to the Laurent Decl., attached hereto as **Exhibit "A."**

23.     The Plan's Subrogation and Reimbursement provisions are clear and unambiguous, providing:

### SECTION 11 – SUBROGATION AND REIMBURSEMENT

The Plan has a right to subrogation and reimbursement. References to "you" or "your" in this Subrogation and Reimbursement section shall include you, your estate and your heirs and beneficiaries unless otherwise stated.

Subrogation applies when the plan has paid Benefits on your behalf for a Sickness or Injury for which any third party is allegedly to be responsible.  The right to subrogation means that the Plan is substitute to and shall succeed to any and all legal claims that you may be entitled to pursue against any third party for the Benefits that the Plan has paid that are related to the Sickness or Injury for which any third party is considered responsible.

The right to reimbursement means that if it is alleged that any third party caused or is responsible for a Sickness or Injury for which you receive a settlement, judgment, or other recovery from any third party, you must use those proceeds to fully return to the Plan 100% of any Benefits you receive for that Sickness or Injury.  The right of reimbursement shall apply to any Benefits received at any time until the rights are extinguished, resolved or waived in writing.

24.     The Plan terms obligate Defendant and E.M. to not only cooperate with the Plan but failure to do so is considered a breach of contract and the Plan has a first priority right to receive payment from the Third Party Settlement:

You will cooperate with the Plan in protecting its legal and equitable rights to subrogation and reimbursement in a timely

manner, including, but not limited to:

- Notifying the Plan, in writing, of any potential legal claim(s) you may have against any third party for acts which caused Benefits to be paid or become payable.
- Providing any relevant information requested by the Plan.
- Signing and/or delivering such documents as the Plan or its agents reasonably request to secure the subrogation and reimbursement claim.
- Responding to requests for information about any accident or injuries.
- Making court appearances.
- Obtaining the Plan's consent or its agents' consent before releasing any party from liability or payment of medical expenses.
- Complying with the terms of this section.

Your failure to cooperate with the Plan is considered a breach of contract. As such, the Plan has the right to terminate your Benefits, deny future benefits, take legal action against you, and/or set off from any future Benefits the value of Benefits the Plan has paid relating to any Sickness or Injury alleged to have been caused or caused by any third party to the extent not recovered by the Plan due to you or your representative not cooperating with the Plan. If the Plan incurs attorneys' fees and costs in order to collect third party settlement funds held by you or your representative, the Plan has the right to recover those fees and costs from you.

The Plan has a first priority right to receive payment on any claim against any third party before you receive payment from that third party. Further, the Plan's first priority right to payment is superior to any and all claims, debts or liens asserted by any medical providers, including but not limited to hospitals or emergency treatment facilities, that assert a right to payment from funds payable from or recovered from an allegedly responsible third party and/or insurance carrier.

25.     The Plan states that its recovery rights must take first priority regardless of whether the covered person is made whole and the Plan is entitled to recover from the entire Third Party Settlement regardless of how the recovery is classified:

Regardless of whether you have been fully compensated or made whole, the Plan may collect from you the proceeds of any full or partial recovery that you or your legal representative obtain, whether in the form of a settlement (either before or after any determination of liability) or judgment, no matter how those proceeds are captioned or characterized. Proceeds from which the Plan may collect include, but are not limited to, economic, non-economic, and punitive damages. No

"collateral source" rule, any "Made-Whole Doctrine" or "Make-Whole Doctrine," claim of unjust enrichment, nor any other equitable limitation shall limit the Plan's subrogation and reimbursement rights.

26.     The Plan provides that the Defendant and E.M. cannot accept any settlement that does not fully reimburse the Plan, without the Plan's written approval.

27.     Further, the Plan provides at page 86 the following with regard to parents and guardians:

> The provisions of this section apply to the parents, guardians, or other representative of a Dependent child who incurs a Sickness or Injury caused by any third party. If a parent or guardian may bring a claim for damages arising out of a minor's Sickness or Injury, the terms of this subrogation and reimbursement clause shall apply to that claim.

28.     Finally, the Plan provides that,

> The right to reimbursement means that if it is alleged that any third party caused or is responsible for a Sickness or Injury for which you receive a settlement, judgment, or other recovery from any third party, you must use those proceeds to fully return to the Plan 100% of any Benefits you receive for that Sickness or Injury. The right of reimbursement shall apply to any Benefits received at ay time until the rights are extinguished, resolved or waived in writing.

> *See* Exhibit "1" to Laurent Decl., p. 83.

29.     Despite the Plan's repeated requests for full reimbursement of the medical expenses the Plan paid to or on behalf of E.M., Defendant has refused to fully reimburse the Plan and has, in fact, repudiated the Plan's right to subrogation and reimbursement under the terms of the Plan.

## CAUSES OF ACTION
### COUNT ONE

30.     Plaintiffs incorporate and reallege each of the allegations contained in

Paragraphs 1-29 of this Complaint as though fully set forth herein.

31.     Plaintiffs bring this action under 29 U.S.C. § 1132(a)(3), to enjoin Defendant's acts which violate the terms of the Plan and seek appropriate equitable relief to enforce the terms of the Plan as permitted by ERISA.

32.     The Plan language meets the requirements of *Sereboff v. Mid. Atlantic Med. Servs.*, 547 U.S. 356,362-63 (2008) to enable the Plan to place a constructive trust and/or equitable lien by agreement consisting of the benefits the Plan paid on behalf of E.M.

33.     Defendant has failed and refused to acknowledge the Plan's rights and to fulfill E.M.'s obligations under the Plan.

34.     Defendant has refused to reimburse the Plan for benefits it paid on behalf of E.M.

35.     The Plan creates a lien upon a portion of the proceeds from the Third Party Settlement from the third parties liable for E.M.'s injuries.

36.     Having identified the funds received from third parties as the Third Party Settlement, the Plan is permitted to follow a portion of that recovery into Defendant's hands and impose an equitable lien by agreement and/or constructive trust over the Third Party Settlement funds.

37.     The Plan's reimbursement claim is considered equitable, as required by ERISA, because it seeks recovery over a specifically identifiable fund over which the Plan has an equitable lien by agreement.

38.     The Plan's reimbursement claim is a claim for equitable relief to enforce the terms of the Plan for reimbursement for the medical expenses and benefits paid on behalf of E.M.

39.     Therefore, a dispute has arisen and an actual controversy exists between the Plaintiffs and Defendant with regard to proper interpretation and application of the Plan's rights with respect to its lien mandated by the Plan.

40.     A declaration of rights, responsibilities and obligations of the Plan and the

Defendant is required to determine the respective rights and obligations of the parties hereto.

41.     The Plaintiffs have fully and completely performed all obligations to Defendant and to E.M.

## COUNT TWO

### (Constructive Trust)

42.     Plaintiffs incorporate and reallege each of the allegations contained in paragraphs 1-41 of this Complaint as though fully set forth herein.

43.     The Plan has a right to reimbursement out of the recovery that E.M. obtained as a result of the Third Party Settlement with third parties liable for the injuries for which the Plan paid medical expenses and benefits on behalf of E.M.

44.     Defendant, as legal guardian for E.M., has acquired in her possession or control specifically identifiable settlement proceeds in the form of the Third Party Settlement.

45.     The Plan has specifically identified the proceeds from the Third Party Settlement as the fund from which the Plan has a reimbursement interest.

46.     The Plan has an equitable lien by agreement and/or constructive trust over the Third Party Settlement.

47.     Equity demands that a constructive trust be placed upon the proceeds from the Third Party Settlement until further order of this Court.

## COUNT THREE

### (Injunctive Relief)

48.     Plaintiffs incorporate and reallege each of the allegations contained in paragraphs 1-44 of this Complaint as though fully set forth herein.

49.     Pursuant to Section 502(a)(3) of ERISA, a fiduciary may bring an action to enjoin any act or practice which violates the terms of the Plan. 29 U.S.C. § 1132(a)(3).

50.     Defendant has repudiated the Plan's rights to be reimbursed from any

recovery obtained from third parties in violation of the terms of the Plan.

51.     On information and belief, the Defendant is protecting settlement funds and are prejudicing the Plan's rights to recovery.

52.     On information and belief, the Defendant is in possession of settlement funds that are property of the Plan.

53.     If Defendant is permitted to disburse the settlement funds, the funds may no longer be traceable and under the control of Defendant.

54.     Unless Defendant is enjoined from disbursing those settlement funds, the Plan will suffer irreparable injury.

55.     The entry of an injunction will not harm Defendant and is in keeping with the public policy of preserving the integrity of ERISA.

## **PRAYER FOR RELIEF**

WHEREFORE, having set forth their claims against Defendant, Plaintiffs respectfully request judgment as follows:

A.     The imposition of a constructive trust or equitable lien by agreement in favor of the Plan upon the Third Party Settlement identified herein.

B.     For a declaration of the Plan's ownership of the Third Party Settlement up to the full amount of benefits paid to or on behalf of E.M.;

C.     That the settlement funds be held in trust for the benefit of the Plan;

D.     For first reimbursement of not less than $44,985.79, plus any additional funds expended by the Plan on behalf of E.M. out of the Third Party Settlement;

E.     For an Order enjoining Defendant and those acting in concert with Defendant from disbursing the settlement funds received in payment of damages sustained by E.M.;

F.     For Plaintiffs' reasonable attorneys' fees and costs under ERISA § 502(g);

G.     For pre-judgment and post-judgment interest at the legal rate; and

H.     For such other and further relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd day of July, 2020.

By:     /s/ Christine Whitman
        Christine Whitman, MS Bar #104452
        PHELPS DUNBAR LLP
        2602 13th Street, Ste. 300
        Gulfport, Mississippi  39501
        Telephone:  228-679-1130
        Telecopier:  228-679-1131
        Email:  christine.whitman@phelps.com

        *Attorneys for Hot Topic, Inc. and the Hot Topic*
        *Umbrella Benefit Plan No. 3*